MEMORANDUM *
Trause Gladney appeals the district court’s denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We affirm.
1. We need not decide whether Gladney was entitled to a hearing on his motion for resentencing because his attorney waived any right to such a hearing by requesting that the motion be decided without oral argument. In matters of litigation tactics, a defendant is bound by his attorney’s waiver of his rights. See New York v. Hill, 528 U.S. 110, 114-15, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000). Gladney contends that he initially waived a hearing only on the condition that the government did not oppose his request for a reduced sentence, but his attorney’s request that the court decide his motion without oral argument included no such condition.
2. Nor was it improper for the district court to deny Gladney’s motion without informing Gladney in advance that it intended to base its ruling on Gladney’s subsequent conviction for marijuana possession while in prison, a ground not raised by either party. Even in a full sentencing hearing, a district judge is required to notify the parties in advance only if the judge intends to depart from the sentencing guidelines on a ground not raised by either party or in the presentence report. See Fed.R.Crim.P. 32(h). Gladney’s counsel had notice of the subsequent conviction, which was reported in a document prepared by the Probation Officer for the purpose of the resentencing hearing. And, in spite of the denial of the § 3582(c)(2) motion, Gladney’s sentence re *736 mained within the reduced sentencing guideline range.
3. Finally, the district court did not abuse its discretion in denying Gladney’s motion for a reduced sentence on the basis of his post-sentencing conviction for marijuana possession. We may reverse a district court’s decision on a § 3582(c)(2) sentence reduction motion only if the decision was an abuse of discretion. See United States v. Colson, 573 F.3d 915 (9th Cir.2009). A court is permitted to consider post-sentencing conduct in determining whether to grant a sentence reduction, U.S.S.G. § 1B1.10 cmt. n.1(B)(iii), and Gladney’s post-sentencing conviction was sufficiently serious to support the district court’s discretionary decision not to reduce his sentence.
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.